Mr. Justice Merrick;
delivered the opinion of the Court:
This was an action of ejectment brought by Beale and wife, against Brown and others. In the progress of the case the suit was dismissed against all the other defendants except George W. Brown. In this state of the case it is quite immaterial to consider whether any of the errors alleged in the bill of exceptions, so far as the other defendants were ■affected, were errors or not, inasmuch as they being out of the case the sufficiency or insufficiency of the evidence as *576 to them no longer plays any part in the judgment of the Court.
The plaintiffs claim title to a certain undivided one-half of certain lots of ground in Square 275 in the City of Washington.
The plaintiff, Elizabeth B. Beale, to sustain her claim, gave in evidence sundry deeds, bringing the title down to Thomas Brown, an uncle, under whom the defendant and the plaintiff both claim title. Having offered that deed in evidence, the plaintiff also offered in evidence a bill in equity filed by the defendant against the plaintiff for the purpose of the apportionment of arrears of taxes, as between the two, which he had paid on account of the common estate, which bill had been dismissed. The plaintiff also offered in evidence her own testimony as to certain material facts in the cause. Thereupon the defendant objected, first, that it was not competent to offer in evidence his bill in equity containing certain declarations, because the bill had been dismissed; and he objected, further, that the plaintiff’s testimony could not be taken because the husband was also a party with the wife to the proceedings. It appears, however, on the face of the whole record, that the wife was the beneficial party, and the cause of action was in her in respect to a common inheritance as between her and the defendant.
The Court thinks that the restriction in the statute that husband and wife respectively shall not be witnesses for or against each other has no application to a case of this sort, because the wife was not testifying for and on behalf of her husband, but was testifying on behalf of herself in respect of a question of fact, material to the title between her and the defendant, and the relation of husband and wife had no bearing at all upon her character as witness.
She was the substantial and material party, the husband being only a formal party to the action. The fact that the husband has to be joined as a formal party with his wife in *577 certain cases in order to vindicate her right, does not, as the Court thinks, deprive her of the privilege of testifying as against her adversary as to facts controverted between herself and her adversary. It does not involve at all any question arising out of that policy of the law which closes the mouth of husband and wife in respect to the affairs of one another, on account of the prejudice they might be presumed to have for each other nor on account of the tendency to violate the sacredness of the domestic relation and the secrecy which appertains to that relation. For these reasons w7e believe that the Court below decided properly in taking the testimony of the wife.
The Court is also of opinion that the plaintiff, having rested upon a paper title showing title in a party from whom they claim as a common source of title, and showing by the averments of the bill in equity that the defendant had in that bill admitted that there was a common title, although the bill was subsequently dismissed, gratified sufficiently the requirements of the law, which otherwise w7ould have been imperative, that the plaintiff in ejectment must show title out of the United States. The reason why title is to be deduced from the United States is a reason arising out of the ancient situation of things in this country, which practically is no longer applicable, though we are still obliged, in the absence of any legislative repeal, to keep up the ceremonials of proving title from the State. The reason was this, as those who are acquainted with our early history know, that all the titles were originally in the State, and that the action of ejectment was moulded in the State of Maryland at a time when the greater part of the lands were still owned by the sovereign, so that the natural presumption was that title had not gone out of the State; and as the plaintiff was required to make out good title as against all the world to maintain his action of ejectment, he had to repel the natural presumption arising from *578 the condition of things, that title still remained in the State. But the reason of that law has ceased, for we know by universal experience that there is scarcely any title now remaining in the State to any lands within iis territorial circumscription; but we are obliged to conform to the rule of law, and we do conform to it sufficiently when we repel that presumption.
The ordinary rule is that where parties claim under a common title, and it is manifest that they do claim under ,a common title, so far as the two parties ai’e concerned, the presumption is repelled. In this particular case it was shown by the confession of the defendant, in the bill in chancery to which I have referred, that he set up a common title between himself and the plaintiff. True, he repudiated it afterwards, but the admission was sufficient prima facie evidence in favor of the plaintiff to show a common title, and show, as against him, certainly, that the presumption of title in the State was repelled, and therefore it gratified the requirements of the law. He might in defense have shown affirmatively that the title was still in the State, but in the absence of such affirmative proof on his part the proof wTas sufficient to repel the prima facie presumption and make out a case entitling the plaintiff to a verdict.
Objections to the rulings of the Court were also made by divers bills of exceptions, which need not be particularized, but which had relation to certain offers, of proof to sustain a tax deed. The defendant set up a certain tax title originating many years ago, in one Obadiah B. Brown, the grandfather of both parties, and the objection was made on the part of the plaintiff that the tax deed could not be offered in evidence until the requirement of the statute of 1819 was first gratified, which imposes the duty upon the city authorities to make a report of all tax sales and have that report placed on record, in the office of *579 the Recorder of Deeds of the District of Columbia. It has been decided heretofore by this Court [King vs. District of Columbia, Mac A. & Mackey, 36] that this requirement is an essential ingredient to any tax title, and unless it has been' complied with, any tax deed taken by a party is void, because the District of Columbia has not done that which justified it in proceeding to give a tax deed to the party. The Court below rejected the tax title and all the other proof tending to show the perfection of the tax title upon the ground that that one essential requirement has not been conformed to. We think that the Court was entirely right, and therefore that the exceptions taken in regard to the rejection of the tax deed, and in regard to the' rejection of all the other collateral facts tending to prove the validity of the tax deed, were properly overruled.

Upon the whole case, the Court thinks that there was no error, and the rulings of the Court below are affirmed.